IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-02857-PAB-KLM

AMG NATIONAL CORP., a Colorado Corporation, and
AMG NATIONAL TRUST BANK,

    Plaintiffs,

v.

DAVID M. WRIGHT, and
KELLY L. WRIGHT,

    Defendants.

---

# ORDER

---

This matter comes before the Court on Defendant David Wright's Motion to Set Aside Default Judgment Pursuant to F.R.C.P. 60(b)(4) and 12(b)(2) [Docket No. 33]. Plaintiffs responded, Docket No. 34, and defendant David Wright replied. Docket No. 35.

## I. BACKGROUND

This case concerns statements made by defendants to disparage and defame plaintiffs. David Wright ("Mr. Wright") is the former President of Finance and a director of AMG National Trust Bank (the "Bank"), a commercial bank wholly owned by AMG National Corporation (the "Corporation"; collectively, "AMG"). Docket No. 1 at 1, ¶ 1. Mr. Wright is also the former President and Chief Executive Officer ("CEO") of the Corporation, as well as one of its directors. *Id.* Mr. Wright and his wife Kelly Wright ("Ms. Wright") are citizens of Washington. *Id.* at 2, ¶¶ 4-5.

1

On April 25, 2016, Mr. Wright retired from the Bank and his board positions. *Id.* at 5, ¶ 22. After retiring, Mr. Wright created and published a publicly accessible website with posts that disparage plaintiffs and reveal confidential information. *Id.* at 6-7, ¶¶ 24, 32. Ms. Wright assists Mr. Wright in maintaining the content on the website. *Id.* at 7, ¶ 31. In addition, on August 16, 2019, plaintiffs learned from a client that Mr. Wright's LinkedIn page contained a lengthy attack of plaintiffs; Mr. Wright's LinkedIn pages has "nearly constantly maintained postings" criticizing plaintiffs and revealing confidential information. *Id.*, ¶¶ 34-35.

Defendants have not restricted their activities to the internet; beginning in October 2019, Mr. Wright began leaving voicemail messages for Bank employees accusing current Bank employees of criminal activities, incompetence, venereal diseases, marital infidelities, and directing the employees to his website to view materials disparaging plaintiffs. *See, e.g.*, *id.* at 8-9, ¶¶ 38-50. Ms. Wright has also made calls to Bank employees, including leaving a voicemail where she indicated that she was owed $30,000,000 in part because plaintiffs caused her to have a miscarriage. *Id.* at 9, ¶ 47. Mr. Wright's voicemails included demands for payment of $50,000,000 "tax free." *Id.*, ¶ 45. On September 12, 2019, the district court for Arapahoe County, Colorado entered a permanent civil protection order against Mr. Wright barring him from contacting plaintiffs' employees, their families, their clients, and any business affiliates, but Mr. Wright has ignored this order. *Id.*, ¶ 51. Mr. Wright has contacted plaintiffs' business affiliates and potential clients and disparaged plaintiffs and directed the potential clients to his website. *Id.* at 9-10, ¶¶ 53-56. In addition, Mr. Wright demanded

$2,000,000 from employees of one of plaintiffs' business affiliates in a LinkedIn message.  *Id.* at 10, ¶ 55.

Plaintiffs bring six claims: (1) breach of contract, namely, an employee agreement, against Mr. Wright; (2) breach of contract, namely, a director agreement, against Mr. Wright; (3) defamation against Mr. Wright and Ms. Wright; (4) commercial/product disparagement against Mr. Wright; (5) intentional interference with business relations against Mr. Wright; and (6) civil conspiracy against Mr. Wright and Ms. Wright.  *Id.* at 10-13.  On January 12, 2021, the Clerk of Court entered default against defendants.  Docket No. 16.

On February 25, 2021, plaintiffs filed a motion for default judgment.  Docket No. 18.  On September 14, 2021, the Court granted plaintiffs default judgment against Mr. Wright on the first, second, third, and sixth claim.  Docket No. 25 at 30.  The Court denied default judgment against Ms. Wright because the Court found it did not have personal jurisdiction over her due to a lack of service.  *Id.* at 8-9.  Plaintiffs subsequently served Ms. Wright and she answered on October 19, 2021.  Docket Nos. 30, 31.  On December 23, 2021, the Court granted plaintiffs' motion for attorneys' fees and ordered Mr. Wright to pay $28,180.00 in attorneys' fees as damages for the claims on which the Court granted default judgment to plaintiffs.  Docket No. 25 at 29-30; Docket No. 32 at 2.  On December 30, 2021, Mr. Wright filed a motion to set aside default judgment due to an alleged lack of personal jurisdiction.  Docket No. 33.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 60(b)(4), the Court may relieve a party from a final judgment or order if the judgment is void.  "Default judgments are void if entered by a

3

district court without personal jurisdiction, and district courts cannot obtain personal jurisdiction without proper service*." Doran Law Office v. Stonehouse Rentals, Inc.*, 678 F. App'x 733, 735 (10th Cir. 2017) (unpublished) (internal citations omitted).

## III.  ANALYSIS

In its order granting default judgment on certain claims against Mr. Wright, the Court first determined that it had personal jurisdiction over Mr. Wright.  *See* Docket No. 25 at 6-12.  The Court determined that Mr. Wright had been served in compliance with Wash. Rev. Code § 4.28.080(16)-(17) and that the Court's exercise of jurisdiction over Mr. Wright comported with due process.  *Id.*  Mr. Wright challenges this conclusion, arguing that he was not properly served.

Proper service is a jurisdictional prerequisite to litigation.  *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a precondition to suit.").  Without proper service, the Court lacks personal jurisdiction over defendants.  *Okla. Radio Assocs. v. Fed. Deposit Ins. Co.*, 969 F.2d 940, 943 (10th Cir. 1992).

On November 24, 2020, plaintiffs filed a proof of service of summons and complaint, indicating that plaintiffs had been unable to personally serve defendants, but had completed service in compliance with Wash. Rev. Code § 4.28.080(16)-(17).  *See* Docket No. 10 at 1-2.  Rule 4(e)(1) of the Federal Rules of Civil Procedure allows service to be made "following state law" of either the state where the forum court is located (here, Colorado) or the state where service is made (Washington).  Under Wash. Rev. Code § 4.28.080(16)-(17),

4

> (16) In all other cases, to the defendant personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein.
>
> (17) where the person cannot with reasonable diligence be served as described, the summons may be served as provided in this subsection, and shall be deemed complete on the tenth day after the required mailing: By leaving a copy at his or her usual mailing address with a person of suitable age and discretion who is a resident, proprietor, or agent thereof, and by thereafter mailing a copy by first-class mail, postage prepaid, to the person to be served at his or her usual mailing address.

"Reasonable diligence requires the plaintiff to make honest and reasonable efforts to locate the defendant. But reasonable diligence does not require the plaintiff to employ all conceivable means to locate the defendant." *Wright v. B&L Props., Inc.*, 53 P.3d 1041, 1045 (Wash. Ct. App. 2002) (internal citations omitted). Under Washington law, a "usual mailing address" must mean "some level of actual use for the receipt of mail or arrangements contemplating an actual use for receiving and forwarding mail." *Goettemoeller v. Twist*, 253 P.3d 405, 408 (Wash. Ct. App. 2011).

Plaintiffs state that they made multiple attempts in 2019 and 2020 to serve Mr. Wright in connection with a civil protection order issued in Arapahoe County Court, including with the assistance of the King County, Washington sheriff. Docket No. 10 at 2, ¶ 5. These attempts at service were made at 9176 Holman Road NW, Unit No. 231, Seattle, Washington 98117, which is located in an apartment building named Parla Apartments. *Id.* at 2, ¶¶ 5-6. Parla Apartments has "secured access with underground parking, and only uniformed package deliverers or law enforcement officers may be permitted inside." *Id.*

On November 13, 2020, a process server went to the building and left the complaint and summons for this case with the leasing agent of the apartment building.

5

Docket No. 10-4.  After this, plaintiffs mailed the summons and complaint to defendants at the same address.  *See* Docket No. 10-5.  Plaintiffs state that the Parla Apartments address is defendants' residential address because it is the address provided for Mr. Wright's retirement account and voter registration and because AMG has successfully mailed documents to Mr. Wright at this address as recently as October 28, 2020.  Docket No. 10 at 1, ¶ 2; *see also* Docket Nos. 10-1, 10-2.

The Court found this sufficient to establish service of process on Mr. Wright because it showed both reasonable diligence and that the address was Mr. Wright's usual mailing address.  Docket No. 25 at 7.  Mr. Wright challenges this conclusion, arguing that plaintiffs did not meet the requirements of Wash. Rev. Code § 4.28.080(17).  Docket No. 33.

Mr. Wright argues that service was improper because the leasing agent was not a proprietor or agent of Mr. Wright and did not reside at Mr. Wright's apartment.  *Id.* at 3-4; *see also* Wash. Rev. Code § 4.28.080(17) ("the summons may be served . . . [b]y leaving a copy at his or her usual mailing address with a person of suitable age and discretion who is a resident, proprietor, or agent thereof" and then mailing a copy to the individual to be served).

Mr. Wright argues that the leasing agent is an agent of Parla Apartments, not him, so she cannot be his "agent" under Section 4.28.080(17).  Docket No. 33 at 3.  However, under the statute, the person who is a "resident, proprietor, or agent" must be the resident, proprietor, or agent of the "usual mailing address," not of the individual to be served.  *See* Wash. Rev. Code § 4.28.080(17).  Mr. Wright admits that he lived at the address where plaintiffs attempted service, *see* Docket No. 33-1 at 2, ¶ 4 ("While

6

living at 9175 Holman Road, NW, Apartment 231, Seattle, Washington . . . ."), and admits that the leasing agent was an agent of Parla Apartments. *See* Docket No. 33 at 3 ("[Plaintiffs] have identified an individual who was employed to perform services for the Parla Apartments."). Additionally, Mr. Wright does not dispute that he received mail at 9176 Holman Rd, NW, Apartment 231, Seattle, Washington. *See generally id*.

The Court finds *Wright*, 53 P.3d at 1044, instructive. In *Wright*, the plaintiffs served the defendant by mailing copies of the summons and complaint to the private mailbox the defendant rented (he lived aboard a yacht) and leaving copies of the summons and complaint with the manager of a private mailbox facility ("Aaron's Mini Storage"). 53 P.3d at 1043-44. When the defendant contracted for his private mailbox, he signed a document designating Aaron's Mini Storage as his agent for delivery of mail, but prohibiting it from accepting certified or registered mail. *Id.* at 1043. The defendant challenged service, arguing, *inter alia*, that the private mailbox was not his usual mailing address. *Id.* at 1046. The court rejected the argument, stating that "whether the manager at Aaron's was authorized by [defendant] to accept service of process is of no consequence. The substitute service statute authorized Aaron's to accept service of process."[1] *Id.* The same is true here. Whether the leasing agent was

---

[1] In *Wright*, the court noted that "[defendant] does not dispute that the manager at Aaron's Mini Storage was 'a person of suitable age and discretion who is a resident, proprietor, or agent thereof' as required by RCW 4.28.080(16). Indeed, [defendant] designated Aaron's as his agent for delivery of mail." 53 P.3d at 1045 n.3. While the lack of evidence here that Mr. Wright has authorized the leasing agent to accept service of process could arguably weigh in Mr. Wright's favor, the Court finds that it does not. The defendant in *Wright* designated Aaron's Mini Storage as his agent to receive mail. *Id.* at 1045-46. The court found that it was immaterial whether the defendant had authorized an agent of Aaron's Mini Storage to accept service of process because the substitute service statute permitted it. *Id.* at 1046. The Court finds the same here –

7

authorized by Mr. Wright to accept service on his behalf is immaterial; instead, the statue authorized service on the leasing agent as an agent of Parla Apartments, Mr. Wright's usual mailing address.

Mr. Wright attempts to distinguish *Wright* by arguing that the address in *Wright* included the unit number and in this case the service of process did not.  Docket No. 35 at 2-3.  Mr. Wright makes much of the fact that the certificate of service states that the process server served the summons and complaint in this case at the address of "9176 Holman Rd NW, within Seattle, WA" upon "David M. Wright and Kelly L. Wright c/o Parla Apartments" by delivering a copy of the documents to "Kyrtin Altreides, Leasing Agent, being a person of suitable age and discretion, who is a resident therein."  Docket No. 10-4.  According to Mr. Wright, because the certificate of service does not contain his apartment number, it was not his usual mailing address.  Docket No. 33 at 3.  The Court rejects this argument.

A "usual mailing address" must mean "some level of actual use for the receipt of mail or arrangements contemplating an actual use for receiving and forwarding mail." *Goettemoeller*, 253 P.3d at 408.  As an initial matter, the Court notes that the summons and complaint mailed to Mr. Wright by first-class mail included his apartment number. *See* Docket No. 10 at 2, ¶ 6; Docket No. 10-5 at 1.  The issue then is whether the certificate of service is insufficient because it includes only the building address and not the apartment number.  The process server left the pleadings with a Parla Apartments leasing agent.  Docket No. 10-4.  Even if the copy of the pleadings the process server

---

whether Mr. Wright designated the leasing agent as authorized to receive service is immaterial because the leasing agent was an agent of his usual mailing address.

gave to the leasing agent did not have Mr. Wright's apartment number on it, the agent of the building would reasonably be able to determine Mr. Wright's apartment number. The Court finds this sufficient to qualify Parla Apartments as Mr. Wright's "usual mailing address." *Cf. Goettemoeller*, 253 P.3d at 408.[2] The Court finds that plaintiffs properly served Mr. Wright in compliance with Wash. Rev. Code § 4.28.080(17).

## IV.  CONCLUSION

Accordingly, it is

**ORDERED** that Defendant David Wright's Motion to Set Aside Default Judgment Pursuant to F.R.C.P. 60(b)(4) and 12(b)(2) [Docket No. 33] is **DENIED.**

DATED August 30, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

---

[2] The Court additionally notes that Mr. Wright does not claim that he was unaware of this lawsuit or that he did not receive the summons by mail.  *See generally* Docket Nos. 33, 33-1.