IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-02857-PAB-KLM

AMG NATIONAL CORP., a Colorado Corporation, and
AMG NATIONAL TRUST BANK,

    Plaintiffs,

v.

DAVID M. WRIGHT, and
KELLY L. WRIGHT,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on plaintiffs' Motion for Additional Attorneys' Fees [Docket No. 43].

## I.    BACKGROUND

The relevant background facts are set forth in the Court's previous orders and will not be repeated here except as relevant to resolving the present motion. *See* Docket Nos. 25, 32, 36. On September 14, 2021, the Court granted default judgment against defendant David Wright on plaintiffs' claims for breach of contract (employee agreement), breach of contract (director agreement), defamation, and civil conspiracy. Docket No. 25 at 12-21, 24-25, 30. On December 23, 2021, the Court granted plaintiffs' motion for attorneys' fees and ordered Mr. Wright to pay $28,180 in attorneys' fees related to the four claims subject to the Court's default judgment order. Docket No. 32 at 1-2. On December 30, 2021, Mr. Wright, through counsel, filed a motion to set aside default judgment due to an alleged lack of personal jurisdiction. Docket No. 33 at 2-5.

On August 30, 2022, the Court found that plaintiffs properly served Mr. Wright in compliance with Wash. Rev. Code § 4.28.080(17) and denied Mr. Wright's motion to set aside default judgment. Docket No. 36 at 9. Counsel for David Wright and Kelly Wright subsequently moved to withdraw as counsel, citing "irreconcilable differences" with defendants. Docket No. 39 at 1, ¶ 1. On February 10, 2023, the magistrate judge granted counsel's motion to withdraw and ordered the defendants, proceeding *pro se*, to confirm their contact information with the Court. Docket No. 41 at 1-2.

On February 24, 2023, plaintiffs filed a motion for additional attorneys' fees against Mr. Wright for fees incurred in responding to Mr. Wright's motion to set aside the default judgment and in preparing plaintiffs' motion. Docket No. 43 at 3-5, ¶¶ 8-12. Mr. Wright has not filed a response to the motion.

## II.     LEGAL STANDARD

"'Our basic point of reference' when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or other contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010).

Assuming that a litigant is entitled to attorney's fees, the litigant must also demonstrate the reasonableness of its fee request. To determine a reasonable fee request, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A party seeking an award of attorney's

2

fees must establish the reasonableness of each dollar and each hour for which the party seeks an award.  *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience.  *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).  The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community."  *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998).  "Unless the subject of the litigation is 'so unusual or requires such special skills' that only an out-of-state attorney possesses, 'the fee rates of the local area should be applied even when the lawyers seeking fees are from another area.'"  *Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006) (quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983), *overruled on other grounds by Pa. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 721 n.4 (1987)).  In order to satisfy their burden, plaintiffs must produce "satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

In determining the reasonableness of the hours expended, a court considers several factors.  First, it considers whether the fees pertain to tasks that would ordinarily be billed to a client.  *See Ramos*, 713 F.2d at 554.  Plaintiffs must demonstrate that their counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended.  *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005).  If not, a court should take extra care to ensure that an attorney has not included

unjustified charges in his billing statement. *Id.* A court should also consider whether the amount of time spent on a particular task appears reasonable in light of (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice. *Ramos*, 713 F.2d at 554. Ultimately, the Court's goal is to fix a fee that would be equivalent to what the attorney would reasonably bill for those same services in an open market. *Id.* at 555. Fees will be denied for excessive, redundant, and otherwise unnecessary expenses. *Id.* at 553. The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

### III.  ANALYSIS

Mr. Wright's employee agreement with plaintiffs provides that if "AMG prevails in any action brought to enforce the terms of this Agreement, whether for an injunction or damages, AMG will be entitled to all reasonable costs and expenses, including reasonable attorneys' fees." Docket No. 1 at 11, ¶ 66. The Court entered default judgment against Mr. Wright on plaintiffs' claim for breach of the employee agreement. Docket No. 25 at 18. The Court finds that Mr. Wright's motion to set aside the default judgment therefore falls within the scope of the fee-shifting provision in Mr. Wright's

employee agreement.  Because plaintiffs prevailed in opposing the motion to set aside default judgment, plaintiffs are entitled to seek attorneys' fees pursuant to the employee contract.  *See Hardt*, 560 U.S. at 252-53; *see also Hamstein Music Co. v. Bait Shack, Inc.*, 2001 WL 709402, at *2 (D. Kan. May 17, 2001) (awarding additional attorneys' fees incurred in opposing a defendant's motion to set aside a default judgment).

Plaintiffs request $5,584.65 in attorneys' fees and costs incurred in responding to Mr. Wright's motion to set aside the default judgment and in preparing plaintiffs' motion for additional attorneys' fees.  Docket No. 43 at 4-5, ¶ 12.  Plaintiffs request $5,355 in attorneys' fees and $229.65 in WestLaw legal research costs.  Docket No. 43-2 at 5.  In support of their motion, plaintiffs provide an affidavit from one of their attorneys, Jonathon P. Fero.  *See generally id.*  Plaintiffs request the following hourly rates for their attorneys and paralegals: attorney Jonathon Fero ($300 per hour); attorney Martin Semple ($400 per hour); attorney Brent Case ($300 per hour); paralegal Elaine Montoya ($110 per hour); and paralegal assistant Kathleen Schmidt ($100 per hour).  *Id.* at 1-3, ¶¶ 4, 6-10.  Mr. Fero cites the Colorado Bar Association's 2017 Economics of Law Practice Survey to support these hourly rates.  *Id.* at 2, ¶ 5.  The Court previously found that the same hourly rates for Mr. Fero, Mr. Semple, and Mr. Case were "reasonable given the prevailing market rates for attorneys with similar experience" in Denver, Colorado.  Docket No. 25 at 29-30; *see also* Docket No. 32 at 1.  The Court also previously found that the same hourly paralegal rate for Ms. Montoya and the hourly paralegal assistant rate for Ms. Schmidt were reasonable.  Docket No. 25 at 30; *see also* Docket No. 32 at 1.  As a result, the Court finds that these rates are reasonable for Mr. Fero, Mr. Semple, Mr. Case, Ms. Montoya, and Ms. Schmidt.

5

Plaintiffs seek to recover 18.2 hours incurred in responding to Mr. Wright's motion to set aside default judgment and preparing plaintiffs' motion for additional attorneys' fees.  Docket No. 43-2 at 3-5.  The Court has reviewed the time entries for Mr. Fero, Mr. Semple, Mr. Case, Ms. Montoya, and Ms. Schmidt.  The Court finds that the number of hours expended is reasonable.  Counsel utilized billing judgment by reducing the hours expended for multiple entries.  *See id.*; *Praseuth*, 406 F.3d at 1257.  Furthermore, the time entries do not contain any redundant or unnecessary expenses and the number of hours spent on each task appears reasonable in light of the complexities of the case.  *See* Docket No. 43-2 at 3-5; *Ramos*, 713 F.2d at 554-55.  Accordingly, the Court approves the loadstar amount of $5,355 for the attorneys' fees.

Finally, plaintiffs request $229.65 in Westlaw legal research costs, which were incurred in preparing the response to Mr. Wright's motion to set aside default judgment.  Docket No. 43-2 at 5, ¶ 12.  The Court finds that these legal research costs are reasonable and accordingly awards $229.65 in legal research costs.

## IV.    CONCLUSION

It is therefore

**ORDERED** that plaintiffs' Motion for Additional Attorneys' Fees [Docket No. 43] is **GRANTED**.  It is further

**ORDERED** that defendant David Wright shall pay plaintiffs' attorneys' fees and costs in the amount of **$5,584.65**.

DATED May 15, 2023.

BY THE COURT:

s/ Philip A. Brimmer_____
PHILIP A. BRIMMER
Chief United States District Judge