IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02857-PAB-KAS

AMG NATIONAL CORP., a Colorado corporation,
AMG NATIONAL TRUST BANK,

    Plaintiffs,

v.

DAVID M. WRIGHT and KELLY L. WRIGHT,

    Defendants.

**COMBINED MOTION FOR ENTRY OF JUDGMENT AND AWARD OF PREJUDGMENT INTEREST**

Plaintiffs AMG National Corp. and AMG National Trust Bank (collectively, "AMG"), by and through their undersigned counsel, request that the Court enter final judgment against Defendants David M. Wright ("D. Wright") and Kelly L. Wright ("K. Wright") and award prejudgment interest against D. Wright. In support thereof, AMG states as follows:

**I.     PROCEDURAL HISTORY AND SUPPORTING FACTS**

AMG commenced this civil action on September 21, 2020. (*See generally* Docket No. 1, Pl.'s Compl.) As of December 23, 2020, D. Wright and K. Wright still had not appeared, and AMG moved for entry of default. (Docket Nos. 13, 15.) The Clerk of Court entered default against both D. Wright and K. Wright on January 13, 2021. (Docket No. 16.)

AMG then sought default judgment. (Docket Nos. 18–19, 23.) On September 14, 2021, the Court granted default judgment against D. Wright on the Breach of Contract (Claim 1, the Employee Agreement), Breach of Contract (Claim 2, the Director

1

Agreement), Defamation (Claim 3), and Civil Conspiracy (Claim 6) causes of action in the Complaint. (Docket No. 25, pp. 8, 12–25, 30.) The Court also entered a permanent injunction, enjoining D. Wright "from further publication or disclosure of AMG's confidential information as defined by the Employee Agreement and the Director Agreement and from disparagement of AMG, its officials, its directors, its employees, and its affiliates." (*Id.* at 30.) AMG sought and was awarded $28,180.00 for its reasonable attorney's fees incurred enforcing its agreements with D. Wright and bringing related defamation and civil conspiracy claims against him. (Docket Nos. 29, 32.) The Court denied default judgment on the Commercial/Product Disparagement (Claim 4) and Intentional Interference with Business Relations (Claim 5) causes of action. (*Id.* at 21–23).

D. Wright then appeared, with counsel, and moved to set aside the default judgment against him. (Docket No. 33.) The Court denied his motion on August 30, 2022. (Docket No. 36.) AMG sought additional reasonable attorneys' fees in responding to D. Wright's motion to set aside the default judgment (Docket No. 43), which the Court awarded in the amount of $5,584.65 on May 15, 2023 (Docket No. 52).

Meanwhile, the Court did not grant default judgment against K. Wright (Docket No. 25, Order, pp 8–9), and she subsequently appeared, with counsel, and answered (Docket No. 31). Once D. Wright's motion to set aside default judgment was decided, AMG felt it could conduct discovery on the remaining claims against him and K. Wright without risk of duplication or bifurcation. (Docket No. 42, Pls.' Mot. to Set Scheduling Conference, p. 3.) Yet, it first tried to reach an amicable resolution. (*Id.* at 2.) When settlement negotiations failed, D. Wright and K. Wright's counsel withdrew, and they repeatedly ignored the Court's orders and undersigned counsel's repeated efforts to jointly prepare

2

a proposed scheduling order. (*See generally* Docket No. 58, Recommendation of Magistrate Judge, pp. 2–3.)

AMG then sought default judgment, a permanent injunction, and an award of costs and attorney's fees as a sanction against K. Wright. (Docket No. 51.) On March 4, 2024, the Court adopted the Magistrate Judge's recommendation and granted default judgment against K. Wright on the Defamation (Claim 3) and Civil Conspiracy (Claim 6) causes of action in the Complaint. (Docket No. 59, p. 2.) The Court also entered a permanent injunction, enjoining K. Wright "from: (a) assisting defendant David Wright in further publication or disclosure of plaintiffs' 'confidential information' as defined in section two of the Employee Agreement, see Docket No. 2-1 at 2, and section three of the Director Agreement, see Docket No. 2-2 at 2; and (b) from assisting defendant David Wright in the disparagement of plaintiffs, its officials, its directors, its employees, and its affiliates." (Docket No. 59, pp. 2–3.) AMG was awarded attorneys' fees in the amount of $4,735.00 and costs in the amount of $255.34 against K. Wright for her failure to comply and to participate in the case. (*Id.* at 3.)

## II.     ARGUMENT

### A.     Entry of Judgment

Except for situations not applicable here, "[e]very judgment . . . must be set out in a separate document . . . ." Fed. R. Civ. P. 58(a). "A party may request that judgment be set out in a separate document as required by Rule 58(a)." Fed. R. Civ. P. 58(d).

This case involves multiple claims for relief against multiple defendants. (*See generally* Docket No. 1) As discussed above, the respective claims against D. Wright and K. Wright have been adjudicated at different times. Default judgment was entered against

3

D. Wright on September 14, 2021 (Docket No. 25, pp. 30–31), and default judgment against K. Wright was entered on March 4, 2024 (Docket No. 59, pp. 2–3). AMG also has been granted relief in the form of permanent injunctions, as well as awards of fees and costs, against both D. Wright and K. Wright in four separate orders. (Docket No. 25, pp. 30–31; Docket No. 32, p. 2; Docket No. 52, p. 6; Docket No. 59, pp. 2–3.) Concurrently with this Combined Motion, AMG files a Response to Order to Show Cause and Motion to Dismiss Claims Four and Five, which should resolve AMG's only remaining causes of action. Accordingly, final judgment in a separate document may now enter. *See* Fed. R. Civ. P. 54(b).

The Court's practice standards direct against submission of proposed judgments. Given the numerous claims, injunctions, and awards against multiple defendants—as well as the possible need for enforcement—AMG requests that the judgment entered here explicitly recite the following in its favor: 1) the judgments against D. Wright on the first, second, third, and sixth causes of action in the Complaint, pursuant to the Court's September 14, 2021 Order (Docket No. 25); 2) the judgments against K. Wright on the third and sixth causes of action in the Complaint, pursuant to the Court's March 4, 2024 Order (Docket No. 59); 3) the permanent injunction entered against D. Wright, as specified in the Court's September 14, 2021 Order (Docket No. 25); 4) the permanent injunction entered against K. Wright, as specified in the Court's March 4, 2024 Order (Docket No. 59); 5) the award of attorney's fees against D. Wright in the amount of $28,180.00, pursuant to the Court's December 23, 2021 Order (Docket No. 32); 6) the award of attorney's fees against D. Wright in the amount of $5,584.65, pursuant to the Court's May 15, 2023 Order (Docket No. 52); and 7) the award of attorney's fees against

K. Wright in the amount of $4,990.34, pursuant to the Court's March 4, 2024 Order (Docket No. 59).

### B.     Interest

Post judgment interest should accrue from the date of entry of the final judgment pursuant to 28 U.S.C. 1961(a). AMG additionally requests prejudgment interest on the two attorney's fees awards against D. Wright.

"The decision whether or not to allow prejudgment interest rests within the sound discretion of the trial court." *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1255 n. 43 (10th Cir. 1988) (citing cases), *overruled on other grounds as recognized in Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1231–32 (10th Cir. 1996)); *accord Zuchel v. City & Cnty. of Denver, Colo.*, 997 F.2d 730, 746 (10th Cir. 1993). The purpose of prejudgment interest "is to compensate the wronged party for being deprived of the monetary value of his loss from the time of the loss to the payment of judgment." *U.S. Indus.*, 854 F.2d at 1256 (citing cases), *quoted in Zuchel*, 997 F.2d at 746. An award of prejudgment interest must serve to compensate the injured party, and it must not be precluded by the equities. *E.g. id.*, 997 F.2d at 746.

Here, allowing prejudgment interest on the December 23, 2021 and May 15, 2023 awards against D. Wright meets this standard. The awarded amounts were compensatory, in that AMG necessarily incurred reasonable attorney's fees enforcing the confidentiality and nondisparagement provisions in its agreements with D. Wright and bringing related tort claims against him. Attorneys' fees are damages when part of the substance of a lawsuit and when sought as a legitimate consequence of the tort or breach of contract sued upon. *E.g. Lawry v. Palm*, 192 P.3d 550, 568 (Colo. App. 2008). In

5

addition, the Employee Agreement at issue in this case provides that if AMG prevails in any action brought to enforce its terms, AMG will be entitled to all reasonable costs and expenses, including reasonable attorneys' fees. (Docket No. 1, pp. 4, 11, ¶¶ 15, 66.) AMG alleged in its Complaint that D. Wright's violations of his confidentiality and nondisparagement obligations had harmed and were continuing to harm AMG, causing it to incur attorneys' fees, among other expenses. (*Id.* at 10–11, ¶¶ 58, 63, 72.)

Allowing prejudgment interest is also in accord with fundamental fairness. AMG tried to press its claims but had to seek default judgments when D. Wright and K. Wright failed to appear. (*See generally* Docket No. 13, Docket No. 15, Docket No. 18.) Default judgment was obtained against D. Wright on most claims, but AMG had to re-serve K. Wright. (Docket No. 25, pp. 8–9, 30–31.) While they both subsequently obtained counsel and appeared, D. Wright and K. Wright accomplished nothing apart from extending the case. K. Wright filed an answer (Docket No. 31), while D. Wright unsuccessfully moved to set aside the default judgments (Docket No. 33). Before conducting discovery, AMG tried to negotiate an amicable resolution. Yet, settlement discussions failed, and once D. Wright and K. Wright's counsel withdrew, AMG was unable to obtain any cooperation in moving the case forward, despite repeated efforts. (*See generally* Docket 51, pp. 2–4; Docket No. 58, pp. 2–3.) *Cf. U.S. Indus.*, 854 F.2d at 1257 (emphasizing defendant's personal wrongdoing and plaintiff's diligence supported prejudgment interest).

The rate of prejudgment interest is left to the district court's discretion. *Kleier Advert., Inc. v. Premier Pontiac, Inc.*, 921 F.2d 1036, 1042 n.4 (10th Cir. 1990). Courts in this district that have awarded prejudgment interest have used the Internal Revenue Service underpayment rate set by 26 U.S.C. § 6621(a)(2)). *Valenzuela v. Coleman*, No.

6

18-CV-00329-CMA-STV, 2022 WL 2528330, at *12 (D. Colo. July 7, 2022) (citing *Valdez v. Motyka*, No. 15-cv-0109-WJM-STV, 2021 WL 5051666, at *3 (D. Colo. Nov. 1, 2021). AMG requests that the Court allow prejudgment interest at this rate, which is currently 8%. *See* https://www.irs.gov/payments/quarterly-interest-rates#table-1.

### III. CONCLUSION

WHEREFORE, AMG requests that the Court enter final judgment against D. Wright and K. Wright consistent with its prior orders and award prejudgment interest against D. Wright on the December 23, 2021 and May 15, 2023 attorney's fees awards at the rate of 8%.

RESPECTFULLY SUBMITTED this 13th day of March, 2024.

SEMPLE, FARRINGTON, EVERALL & CASE, P.C.

*s/ Jonathan P. Fero*
Michael Brent Case
Jonathan P. Fero
1120 Lincoln Street, Suite 1308
Denver, CO 80203
(303) 595-0941
bcase@semplelaw.com
jfero@semplelaw.com
*Attorneys for Plaintiffs*
*AMG National Corp., a Colorado corporation, and AMG National Trust Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of March 2024, a correct copy of the foregoing

**COMBINED MOTION FOR ENTRY OF JUDGMENT AND AWARD OF PREJUDGMENT INTEREST** was filed electronically via CM/ECF and served via U.S. Mail to the following:

David M. Wright
Kelly L. Wright
539 Navion Lane
Fort Collins, Colorado 80524
*Pro se Defendants in Default*

By: *s/ Julia Southwell*