IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-02857-PAB-KAS

AMG NATIONAL CORP., a Colorado corporation, and
AMG NATIONAL TRUST BANK,

    Plaintiffs,

v.

DAVID M. WRIGHT, and
KELLY L. WRIGHT,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on the Response to Order to Show Cause and Motion to Dismiss Claims Four and Five [Docket No. 61] and the Combined Motion for Entry of Judgment and Award of Prejudgment Interest [Docket No. 62]. The Court has jurisdiction pursuant to 18 U.S.C. § 1332.

**I. BACKGROUND**

On September 21, 2020, plaintiffs AMG National Corp. and AMG National Trust Bank (collectively, the "plaintiffs") filed this action against defendants David M. Wright and Kelly L. Wright. Docket No. 1. The complaint asserts six claims: (1) breach of contract (the employee agreement) against Mr. Wright; (2) breach of contract (the director agreement) against Mr. Wright; (3) defamation against Mr. Wright and Ms. Wright; (4) commercial/product disparagement against Mr. Wright; (5) intentional interference with business relations against Mr. Wright; and (6) civil conspiracy against

Mr. Wright and Ms. Wright. *Id.* at 10-13, ¶¶ 59-97. On January 12, 2021, the Clerk of the Court entered default against Mr. Wright and Ms. Wright. Docket No. 16. On February 25, 2021, plaintiffs moved for default judgment against defendants. Docket No. 18.

On September 14, 2021, the Court granted in part and denied in part the motion for default judgment. Docket No. 25. The Court denied the motion as to Ms. Wright, finding that plaintiffs had not properly served her. *Id.* at 8-9. The Court entered default judgment against Mr. Wright on the first, second, third, and sixth causes of action. *Id.* at 30. The Court entered a permanent injunction enjoining Mr. Wright from "further publication or disclosure of AMG's confidential information as defined by the Employee Agreement and the Director Agreement and from disparagement of AMG, its officials, its directors, its employees, and its affiliates." *Id.* However, the Court denied default judgment against Mr. Wright on the fourth and fifth claims, finding that the complaint did not allege several elements of those claims. *Id.* at 21-23. The Court ordered Mr. Wright to pay plaintiffs' attorneys' fees in the amount of $28,180.00, which were reasonably incurred for the four claims subject to the Court's default judgment order. Docket No. 32 at 2.

On October 19, 2021, Ms. Wright, through counsel, filed an answer. Docket No. 31. On December 30, 2021, Mr. Wright entered an appearance, through counsel, and filed a motion to set aside the default judgment. Docket No. 33. On August 30, 2022, the Court denied Mr. Wright's motion. Docket No. 36. The Court subsequently ordered Mr. Wright to pay plaintiffs' costs in the amount of $229.65 and attorneys' fees in the

amount of $5,355.00, which were incurred in preparing the response to Mr. Wright's motion to set aside default judgment.  Docket No. 52 at 6.

On January 19, 2023, counsel for Mr. Wright and Ms. Wright moved to withdraw from the case citing "irreconcilable differences with Defendants in this matter."  Docket No. 39 at 1.  On February 10, 2023, the magistrate judge granted the motion to withdraw and ordered the defendants, proceeding pro se, to confirm their contact information with the Court.  Docket No. 41 at 1-2.  Ms. Wright "repeatedly ignored the Court's orders" and opposing counsel's "various communications and attempts to jointly prepare a proposed scheduling order."  Docket No. 58 at 3.  After vacating two scheduling conferences due to Ms. Wright's failure to respond, the magistrate judge ordered that "Plaintiffs may file a motion for sanctions against Defendant K. Wright, indicating what sanctions they deem appropriate."  Docket No. 50 at 1-2.

On May 8, 2023, plaintiffs filed a motion for sanctions against Ms. Wright, requesting default judgment, a permanent injunction, and an award of costs and attorneys' fees.  Docket No. 51.  On March 4, 2024, the Court accepted the magistrate judge's recommendation, Docket No. 58, and granted plaintiffs' motion for sanctions in part.  Docket No. 59.  The Court entered default judgment against Ms. Wright on the third and sixth claims.  *Id.* at 2.  The Court also entered a permanent injunction against Ms. Wright, with respect to the sixth claim, enjoining Ms. Wright from "(a) assisting defendant David Wright in further publication or disclosure of plaintiffs' 'confidential information' as defined in section two of the Employee Agreement, *see* Docket No. 2-1 at 2, and section three of the Director Agreement, *see* Docket No. 2-2 at 2; and (b) from

3

assisting defendant David Wright in the disparagement of plaintiffs, [their] officials, [their] directors, [their] employees, and [their] affiliates." Docket No. 59 at 2-3. The Court ordered Ms. Wright to pay plaintiffs' costs in the amount of $255.34 and attorneys' fees in the amount of $4,735.00 for Ms. Wright's failure to comply and to participate in this matter. *Id.* at 3.

On March 6, 2024, the magistrate judge issued an order to show cause to plaintiffs regarding the fourth and fifth claims against Mr. Wright. Docket No. 60. The magistrate judge noted that plaintiffs had not "taken any action to prosecute these two claims against Mr. Wright since the Court's April 13, 2021 Order." *Id.* at 2. As a result, the magistrate judge ordered plaintiffs to show cause why the Court should not dismiss the fourth and fifth claims for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *Id.* On March 13, 2024, plaintiffs filed a response to the order to show cause and a motion to dismiss the fourth and fifth claims against Mr. Wright pursuant to Fed. R. Civ. P. 41(a)(2). Docket No. 61. That same day, plaintiffs filed a motion for entry of judgment and an award of prejudgment interest. Docket No. 62. Defendants did not respond to either motion.

## II. ANALYSIS

### A. Fed. R. Civ. P. 41(a)(2)

Plaintiffs state that they seek "closure of this case based on the default judgments and fees and costs awards that have been entered." Docket No. 61 at 3. Plaintiffs also state that they have not been able to obtain discovery in furtherance of the fourth or fifth claims against Mr. Wright given the defendants' "lack of participation in

4

this case." *Id.* Plaintiffs therefore move "for voluntary dismissal of those claims pursuant to Fed. R. Civ. P. 41(a)(2)." *Id.*

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Such a dismissal is without prejudice unless the order states otherwise. *Id.* "Dismissal under Rule 41(a)(2) is within the sound discretion of the court." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 998 (10th Cir. 2021) (citation omitted). In assessing prejudice to the opposing party, a court may consider the following non-exhaustive factors: (1) "the opposing party's effort and expense in preparing for trial;" (2) "excessive delay and lack of diligence on the part of the movant;" (3) "insufficient explanation of the need for a dismissal;" and (4) "the present stage of litigation." *Id.* (citation omitted). "[I]n reaching its conclusion, the district court should endeavor to [ensure] substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff." *Id.* (citation omitted).

The Court finds that dismissal of claims four and five without prejudice is proper under Rule 41(a)(2). Mr. Wright failed to respond to plaintiffs' complaint and the clerk entered default against him on January 12, 2021. Docket No. 16. The Court subsequently entered default judgment against Mr. Wright on the first, second, third, and sixth causes of action. Docket No. 25 at 30. Besides filing a motion to set aside

the default judgment order on December 30, 2021, *see* Docket No. 33, Mr. Wright has not filed any other motions or responses in this case. The Court finds that Mr. Wright has not demonstrated "any effort [or] expense in preparing for trial." *See Frank*, 992 F.3d at 998. Moreover, there is no excessive delay on the part of the movant and plaintiffs' explanation of the need for a dismissal under Rule 41(a)(2) is sufficient given Mr. Wright's lack of participation in this case. Finally, the stage of the litigation factor weighs in favor of dismissing the fourth and fifth claims because plaintiffs have obtained default judgment as to all other claims in this case. Accordingly, the Court grants plaintiffs' motion and dismisses without prejudice claims four and five against Mr. Wright under Fed. R. Civ. P. 41(a)(2).

### B. Final Judgment and Prejudgment Interest

Plaintiffs move for entry of final judgment under Fed. R. Civ. P. 58(d). Docket No. 62 at 3-4. Rule 58(d) provides that a "party may request that judgment be set out in a separate document as required by Rule 58(a)." Fed. R. Civ. P. 58(d). Given the numerous claims, injunctions, and awards against multiple defendants, plaintiffs request entry of the following:

> 1) the judgments against D. Wright on the first, second, third, and sixth causes of action in the Complaint, pursuant to the Court's September 14, 2021 Order (Docket No. 25); 2) the judgments against K. Wright on the third and sixth causes of action in the Complaint, pursuant to the Court's March 4, 2024 Order (Docket No. 59); 3) the permanent injunction entered against D. Wright, as specified in the Court's September 14, 2021 Order (Docket No. 25); 4) the permanent injunction entered against K. Wright, as specified in the Court's March 4, 2024 Order (Docket No. 59); 5) the award of attorney's fees against D. Wright in the amount of $28,180.00, pursuant to the Court's December 23, 2021 Order (Docket No. 32); 6) the award of attorney's fees against D. Wright in the amount of $5,584.65, pursuant to the Court's May 15, 2023 Order (Docket No. 52); and

>     7) the award of attorney's fees against K. Wright in the amount of $4,990.34, pursuant to the Court's March 4, 2024 Order (Docket No. 59).

Docket No. 62 at 4-5.  The Court grants this portion of the motion and will enter judgment against Mr. Wright on the first, second, third, and sixth causes of action; judgment against Ms. Wright on the third and sixth causes of action; enter an injunction as requested; and award fees.

Plaintiffs also request prejudgment interest on the two attorneys' fees awards against Mr. Wright.  *Id.* at 5.  Plaintiffs argue that an award of prejudgment interest would compensate plaintiffs for "being deprived of the monetary value of [their] loss from the time of the loss to the payment of judgment."  *Id.* (quoting *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1256 (10th Cir. 1988)).  Plaintiffs contend that "[a]llowing prejudgment interest is also in accord with fundamental fairness" because plaintiffs had to seek default judgments when defendants failed to appear.  *Id.* at 6.  Plaintiffs request a prejudgment interest rate of eight percent on the attorneys' fee awards against Mr. Wright.  *Id.* at 6-7.

"In a diversity case, the issue of possible entitlement to prejudgment interest is governed by state law."  *Yousuf v. Cohlmia*, 741 F.3d 31, 46 (10th Cir. 2014) (internal quotations, alterations, and citation omitted).  Under Colorado law, "a party may be required to pay prejudgment interest on an award of attorney fees if the fees constitute an element of actual damages," but "a party may not be ordered to pay prejudgment interest on attorney fees that are awarded as costs of litigation."  *Atmel Corp. v. Vitesse Semiconductor Corp.*, 160 P.3d 347, 350 (Colo. App. 2007) (collecting cases).  When "attorney fees are sought based on a contractual agreement to award fees to the

7

prevailing party, they should be treated as costs." *Lawry v. Palm*, 192 P.3d 550, 568 (Colo. App. 2008); *see also Chartier v. Weinland Homes, Inc.*, 25 P.3d 1279, 1281 (Colo. App. 2001) ("if attorney fees are simply the consequence of a contractual agreement to shift fees to a prevailing party, they are to be treated as costs"). Here, the Court ordered Mr. Wright to pay plaintiffs' attorneys' fees based on the fee-shifting provision in Mr. Wright's employment agreement. Docket No. 52 at 4-5; *see also* Docket No. 2-1 at 5 (employment agreement providing that, if "AMG prevails in any action brought to enforce the terms of this Agreement, whether for an injunction or damages, AMG will be entitled to all reasonable costs and expenses, including reasonable attorney's fees"). Because the attorneys' fees were awarded as costs of litigation, the Court rejects plaintiffs' request for prejudgment interest on the attorneys' fees. *See Atmel Corp.*, 160 P.3d at 350-51 (holding that the district court "properly declined to award prejudgment interest" on attorneys' fees because the "attorney fees were awarded to shift part of the burden of litigation"). Accordingly, the Court denies this portion of the motion.

### III. CONCLUSION

Accordingly, it is

**ORDERED** that the Motion to Dismiss Claims Four and Five [Docket No. 61] is **GRANTED**. It is further

**ORDERED** that claim four and claim five are **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(a)(2). It is further

**ORDERED** that the Combined Motion for Entry of Judgment and Award of Prejudgment Interest [Docket No. 62] is **GRANTED in part and DENIED in part**. It is further

**ORDERED** that this case is closed.

DATED October 1, 2024.

BY THE COURT:

/s Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge
